Phillip **GONZALES**, Jr., **Appellant**,

v.

The **STATE** of Texas, **Appellee**.

No. 46291.

Court of Criminal Appeals of Texas.

May 23, 1973.

J. W. Robinson, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and George Karam, Asst. Dist.

Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, two (2) years.

■ In the interest of clarity, appellant's last ground of error, which challenges the sufficiency of the evidence to support the conviction, will first be considered.

Appellant was indicted for the theft of a 1969 Corvette automobile from Glenn Koteras. The owner testified that five days after he had purchased the automobile for $4,600, it was stolen while at the Richardson Chevrolet Motor Company in Houston for repairs. He stated that some ten days after the theft the frame, tires and a "part of the back" of the stolen automobile were recovered by the police and that about a month later the police notified him that the motor had been found.

Officer B. L. Turner testified that he recovered the missing motor from appellant's residence where he found it in a 1966 Chevy II Nova automobile. It was also established that the Chevy II Nova in question had been stolen from one Donna Rhine.

National Auto Theft Bureau representative H. H. Spidham testified that the engine number on the motor found in the Nova had been "ground or shaved off", but that he was able to restore it and establish that it had come from Koteras' automobile by comparing that number with the Corvette's vehicle identification number.

Appellant, testifying in his own behalf, related that he bought the motor from another individual whose name he did not know.

The Court charged the jury on circumstantial evidence and we conclude that the

evidence is sufficient to sustain the conviction.

■ Grounds of error number one and two challenge the sufficiency of the search warrant. The entire evidence relating to the recovery of the stolen motor, found at appellant's home, was admitted without objection. Belatedly appellant objected to "any testimony concerning and items picked up [at appellant's residence] . . . unless I see a copy of the search warrant." At this juncture a copy of the warrant was introduced before the Court after the officer testified how he had secured the same from the issuing Justice of the Peace. The objection interposed at this juncture was that a proper predicate had not been laid for the introduction of the search warrant and affidavit and that the same were copies and not the originals. This objection was overruled. No objection was made during the trial to the form and substance of the affidavit for the search warrant. Grounds of error number one and two are overruled.

■ Ground of error number three contends that the affidavit and the warrant were admitted without a proper predicate and without proper authentication. Officer Turner testified that he secured the warrant from Judge Albert Lee and executed the same. Ground of error number three is without merit.

■ Ground of error number four, if we properly understand it, contends appellant was denied the right to impeach Officer Turner, from the affidavit and search warrant, by showing a three-month variance between the date on which the affidavit alleged the Nova (not charged in this indictment) was stolen and the date which the testimony showed it was actually stolen. We find no merit in this contention. The record reflects that Turner testified fully, on cross-examination, explaining the variance in dates. There was no limitation on appellant's efforts to impeach him.

■ Appellant's fifth ground of error is that the Court erred in refusing appellant permission to inspect the affidavit and the warrant prior to trial. We are not directed to, nor have we found, where in the record this ruling of the Court occurred. The last ground is overruled. Article 40.-09, Section 9, V.A.C.C.P.

Finding no reversible error, the judgment is affirmed.