**Antonio RODRIQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46036.**

Court of Criminal Appeals of Texas.

May 30, 1973.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction is for the offense of sale of heroin; punishment was assessed at 20 years' confinement.

Appellant raises two grounds of error; the sufficiency of the evidence is not challenged.

Appellant challenges the admissibility of certain reports introduced by the State. Exhibit #3 was a U. S. Treasury Department form which contained a report of the property purchased and how it was obtained. This report was submitted with the evidence to the chemist, and the chemist's report and the resulting analysis are contained therein also.

State's Exhibit #2 was the lock-sealing envelope which the evidence was placed in and delivered to the chemist.

Defense counsel objected to these exhibits as containing extraneous matters and amounting to bolstering and hearsay. The State cites the business records statute as authority for introducing such evidence. Article 3737e, Vernon's Ann.Civ.St.

We have only recently addressed this problem. In Commissioner Dally's opinion in Coulter v. State, 494 S.W.2d 876 (1973), the cause was reversed because of State's Exhibit #2. The same inadmissible references contained in that exhibit are present

in the instant case, in State's Exhibit #3. No further discussion is necessary.

In light of our disposition of this ground, we need not consider appellant's remaining ground.

The judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.