**UNITED STATES of America,**
**Appellee,**

v.

**Chauncey Lee JONES, Appellant.**

**No. 73–1194.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1973.

Decided Nov. 27, 1973.

Rehearing and Rehearing En Banc
Denied Dec. 27, 1973.

---

* For separate statement of BRIGHT and ROSS, Circuit Judges, on petition for rehearing en banc, and for dissent of LAY and HEANEY, Circuit Judges, to denial of rehearing en banc, see 8 Cir., 491 F.2d 529.

Michael J. Laughlin, Urbandale, Iowa, for appellant.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal from a jury conviction for distributing heroin challenges evidentiary rulings made by the court. One of the errors alleged involves admission into evidence of the lock seal envelope containing the heroin with notations thereon as to the conclusions of the government chemist. Another was the admission into evidence of a report describing the purchase which is mailed along with the evidence to the laboratory. Similar errors were alleged and discussed in United States v. William Marcellus Parker, 491 F.2d 517 (CA8 filed this date).

Appellant was charged in a one count indictment with distributing heroin on August 23, 1972. The evidence disclosed that on that date Detective Gene A. Crosby of the St. Louis Metropolitan Police Department was in Des Moines, Iowa under an assignment to the Drug Abuse Law Enforcement Program; Crosby accompanied by informant Edward Mitchell[1] was driven by other agents to a pool hall in the vicinity of 11th and University, Des Moines, Iowa where Mitchell introduced Crosby to appellant; immediately thereafter Crosby purchased from appellant eight capsules, later identified as containing heroin, for $125; a few minutes after making the purchase Crosby and Mitchell left the pool hall and were driven back to the Bureau of Narcotics and Dangerous Drugs Office in Des Moines, where the heroin was field tested, placed in a lock seal envelope and mailed to the Bureau laboratory in Chicago where it was analyzed by a chemist who testified as to its heroin content.

The government's case was presented through testimony of Detective Crosby, other government agents who participated in the trip to the area where the purchase was made and conducted general surveillance of the operation, and the laboratory chemist.

Appellant did not testify in his own behalf, but offered the testimony of witnesses connected with the pool hall who testified that they had not seen appellant in the pool hall during the period in question. Appellant also offered the testimony of character witnesses. Informant Mitchell was called by appellant and testified briefly to the effect that he did not know appellant but on cross-examination conceded he had seen him quite a few times.

The evidence of guilt was strong and the sufficiency thereof in support of the verdict of guilt is not challenged.

*Exhibits*

Appellant charges that the court erred in admitting into evidence over his hearsay objection the lock seal envelope with the chemist's notations thereon as to his conclusions with respect to the contents therein. Appellant also claims similar error in the admission into evidence of a report concerning the alleged purchase which accompanied the evidence to the laboratory and the bottom portion of which contains the chemist's analysis of the substance involved.[2]

---

1. Crosby testified that before departing, informant Mitchell was strip searched because it was not then certain that Crosby could make the buys.

2. The exhibits were filled out shortly after the events described occurred.

These exhibits were similar to the exhibits fully described in United States v. William Marcellus Parker, *supra*, submitted the same date as this cause. They will therefore not be further described herein.

Appellant charges prejudicial error in the admission of these exhibits in the light of this court's decision in Sanchez v. United States, 293 F.2d 260 (8th Cir. 1961); *accord*, United States v. Brown, 451 F.2d 1231 (5th Cir. 1971). The thrust of *Sanchez* has been fully discussed in *Parker* and the same will not be here repeated.

We find that *Sanchez* is distinguishable from the instant case. Here, as in *Parker*, the exhibits were not received in evidence until the witnesses who made the entries had testified with respect thereto.

We further note that the chain of custody and the handling of the suspected substance was challenged, particularly in the cross-examination of the chemist. The file also indicates that appellant in his motion for new trial below contended that "the chain of evidence was broken and thus, the exhibit (lock seal envelope) was erroneously admitted into evidence." Under these circumstances it was not an abuse of discretion for the trial court to send the exhibits to the jury.[3]

*Prior Transaction*

█ Finally appellant urges that the trial court erred in not granting his motion for mistrial based on the government's action in introducing testimony concerning an observed prior transaction between appellant and informant Mitchell.

On cross-examination of Detective Crosby appellant developed the fact that

Crosby had never been in the pool hall before the transaction in question; had seen appellant before but had only spoken to him once; and was in the pool hall approximately five to ten minutes. On re-direct examination Crosby testified that on August 19, 1972, four days before the disputed sale, he had "observed appellant making a transaction with Mr. Mitchell." Appellant promptly moved to strike the answer because it was highly irrelevant, incompetent, immaterial and prejudicial. The court responded, "I am not sure that it isn't proper redirect, but I am going to sustain the motion to strike it. It may go out." Appellant then requested to be heard out of the presence of the jury and urged that a mistrial be declared, and if not granted, the court should admonish the jury to disregard the answer given by Crosby. The motion for mistrial was denied and the jury admonished in accordance with appellant's request.

We find no abuse of discretion in denying the motion for mistrial. We will not assume that the jury disregarded the court's instruction to ignore the answer which was stricken.

█ It should also be noted that the trial court recognized that the disputed answer might be admissible as proper redirect examination. The transcript reveals that on cross-examination appellant was probing Crosby's ability to make an accurate identification of appellant. This was consistent with his announced intention to rely on an alibi.[4] Appellant followed this announced defense by later offering witnesses who testified that they had not seen appellant in the pool hall where the purchase was made during the general period involved.[5]

In United States v. Lewis, 423 F.2d 457 (8th Cir. 1970) we held that "Evi-

---

3. The Omnibus Hearing Report filed prior to trial indicated the parties "will attempt to stipulate a chain of custody." Had this been done we would find it difficult to sanction the procedure here followed.

4. The Omnibus Hearing Report indicated "Defendant will rely on an alibi."

5. Upon the close of the evidence the court included an instruction on appellant's alibi defense.

dence of prior conduct which may constitute a separate crime is admissible and relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one stands to establish the other, and (5) the identity of the person charged with the commission of the crime on trial. (Citing cases) * * * Whether the probative value of such evidence outweighs its potential for prejudice to the defendant generally addresses itself to the discretion of the trial judge (citing cases)."

Here the evidence might have been admitted on the issue of identity.[6] The trial court did not abuse its discretion in striking the evidence and denying a mistrial.

In the final analysis the evidence of guilt was strong. Appellant's alibi defense was weak. We are satisfied that appellant has failed to demonstrate error requiring reversal.

Affirmed.

HEANEY, Circuit Judge. (dissenting).

I respectfully dissent for the reasons set forth in my dissent in United States v. William Marcellus Parker, 491 F.2d 517 (CA8, filed this date).

On Petition for Rehearing En Banc

The Court having considered petition for rehearing en banc filed by counsel for appellant, and, being fully advised in the premises, it is ordered that the petition for rehearing en banc be, and it is hereby, denied.

Considering the petition for rehearing en banc as a petition for rehearing, it is ordered that the petition for rehearing also be, and it is hereby, denied.*

---

6. Since 21 U.S.C. § 841(a) requires that the person be charged with "knowingly or intentionally" violating the Act and the jury was so instructed, the evidence was also possibly admissible, within the discretion of the trial court, on the issue of knowledge and intent. United States v. Brown, 453 F.2d 101, 108–109, & n. 8 (8th Cir. 1971) ; see also, United States v. Simon, 453 F.2d 111, 115 (8th Cir. 1971).

* For separate statement of BRIGHT and ROSS, Circuit Judges, on petition for rehearing en banc and for dissent of LAY and HEANEY, Circuit Judges, to denial of rehearing en banc, see page 529, infra.