**Ronald Clyde NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48130–48132.**

Court of Criminal Appeals of Texas.

March 13, 1974.

Rehearings Denied April 3, 1974.

---

Melvyn Carson Bruder, Barry P. Helft, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for the sale of heroin; the punishment assessed by the Court in each case, imprisonment for fifty years.

The appellant entered pleas of not guilty to the charges in each of the three indictments which were consolidated for trial before the same jury. The evidence shows that the appellant sold heroin to an undercover agent on March 30, April 3, and April 20, 1972.

The only ground of error presented is:

"The trial court erred in admitting into evidence three documentary reports (State's Exhibits 13, 14 and 15) because they constitute hearsay and deprive the appellant of his right to confrontation guaranteed by the Sixth Amendment, United States Constitution."

Three Narcotics Submission and Report forms were admitted into evidence as State's Exhibits 13, 14 and 15.[1]

The appellant relies upon the recent case of Coulter v. State, 494 S.W.2d 876 (Tex. Cr.App.1973). There a judgment of conviction was reversed because a United States Treasury Department, Bureau of Narcotics form, which had been prepared by a narcotics agent, was admitted in evidence over an objection that it was hearsay. See also Rodriquez v. State, 494 S.W.2d 864 (Tex.Cr.App.1973); United States v. Brown, 451 F.2d 1231 (5th Cir. 1971); United States v. Adams, 385 F.2d 548 (2nd Cir. 1967); Sanchez v. United States, 293 F.2d 260 (8th Cir. 1961); and United States v. Ware, 247 F.2d 698 (7th Cir. 1957).

In the cases at bar when State's Exhibits 13 and 14 were offered in evidence the only objections were that a proper predicate and a proper chain of custody had not been shown. The Exhibits were not subject to these objections and no objection was made on the ground now urged. The objections made were properly overruled and no error is presented. See Ashford v. State, 502 S.W.2d 27 (Tex.Cr.App.1973); Gonzales v. State, 494 S.W.2d 912 (Tex. Cr.App.1973); Randolph v. State, 493 S. W.2d 869 (Tex.Cr.App.1973); Campbell v. State, 492 S.W.2d 956 (Tex.Cr.App.1973).

1. Exhibits 13, 14 and 15 relates to our respective Cause Numbers 48,132, 48,131 and 48,130.

■ An objection was made when Exhibit 15 was offered that the top portion of the Narcotics Submission and Report form contained matters that were hearsay.[2] The Exhibit, which is the same type of record as that held inadmissible and discussed at length in Coulter v. State, supra, was subject to such an objection, and the objection should have been sustained.

The judgments in Cause Numbers 48,131 and 48,132 are affirmed and the judgment in Cause Number 48,130 is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, J., dissents to the reversal of Cause No. 48,130.

2. This is a copy of the Narcotics Submission and Report form to which objection was made.

