**UNITED STATES of America,
Plaintiff,**

**v.**

**Larry SISCO, Defendant.**

**Crim. A. No. 73CR47-W-3.**

United States District Court,
W. D. Missouri, W. D.

April 4, 1974.

Stephen L. Hill, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Lawrence H. Pelofsky, Kansas City, Mo., for defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

WILLIAM H. BECKER, Chief Judge.

On December 13, 1973, a jury returned a verdict of guilty in the above-entitled action, finding that the defendant, Larry Sisco, did knowingly and intentionally distribute to an agent of the United States Government, a controlled substance, to wit, heroin, a Schedule I narcotic substance, all in violation of Section 841(a)(1), Title 21, United States Code, on December 7, 1972.

Following the filing of a motion for additional time in which to file a motion for a new trial and the grant thereof by order of December 20, 1973, defendant filed herein on January 7, 1974, a motion for a new trial and hearing, including therewith suggestions in support thereof. In his motion, defendant states that he was prejudiced during the trial in the above-entitled action in the following respects:

"1. That a juror violated her oath as a juror in the above cause, as indi-

cated in the attached affidavits, Exhibits A and B.

"2. That government witnesses in the above cause improperly and to the prejudice of defendant engaged in conversations with jurors in said cause, as indicated in the attached affidavits, Exhibits A and B.

"3. That the Court erred in admitting over defendant's objection the testimony of the government's witness, Richard Johnson, relating to past conduct of defendant where said conduct did not constitute the commission of other crimes.

"4. That the verdict of guilt was contrary to manifest weight of evidence."

On January 14, 1974, plaintiff filed herein "Suggestions in Opposition to Defendant's Motion for New Trial," therein stating as follows:

"The defendant alleges that there was improper conduct on the part of jurors and witnesses. *Now* he seeks a hearing on such matters.

"Defendant's counsel brought this 'improper conduct' to the attention of the court in chambers during the jury's deliberation. Defendant's counsel refused to either ask for a mistrial or additional instructions by the court, obviously trying to make a record for future appeal if the verdict was not to his liking. The court, however, did question the jury and again instruct them to base their verdict on the law and the evidence in the case. Juror Lee acknowledged to the court she had spoken to the persons and individually stated she would base her verdict on the law and the evidence.

"Thus, any error was cured by the court's additional instructions to the jury.

"The court was well within his discretion in permitting evidence of prior acts under these factual circumstances, as set out by the Government in its brief submitted at time of trial.

"The jury's verdict was amply supported by the evidence."

Defendant initially contends that alleged juror misconduct occurred during the trial in the above-entitled action, resulting in prejudice to the defendant. Defendant specifically states that " . . . it was discovered that in the course of said trial that a juror, Jean A. Lee, was reading and consulting a Bible to determine whether or not God felt that defendant was guilty." This particular "improper conduct" was brought to the attention of the trial judge in chambers during the jury's deliberation. Defendant's counsel did not make a motion for mistrial or object to the "improper conduct" of juror, Jean A. Lee, before submission of the case to the jury or ask for any instruction based thereon, but brought the matter to the attention of the undersigned *after* the jury had retired.

In the interests of justice and in order to prevent any possible prejudice to the defendant, the jury was recalled and a cautionary instruction was given. The jury was again instructed to base their verdict on the law and evidence presented. Juror Lee acknowledged to the Court that she had spoken to the persons and individually stated that she would base her verdict on the law and the evidence.

It is generally held, in the absence of exceptional circumstances, that the Court may recall the jury and give them further or cautionary instructions, when in the exercise of proper discretion, it regards it is necessary to do so in the interests of justice and in order to prevent any possible prejudice to the defendant. *See*, Andrews v. United States, 309 F.2d 127 (5th Cir. 1962), cert. denied, 372 U.S. 946, 83 S.Ct. 939, 9 L.Ed.2d 970 (1963); Shea v. United States, 260 F. 807 (9th Cir. 1919); 5 Anderson, Wharton's Criminal Law And Procedure, § 2114, 296 (1957). Any possible prejudice or error which may have resulted from juror Lee's alleged conduct was prevented by the curative

instruction. Defendant has not shown that the curative instruction did not cure any possible prejudice or error that may have been present. Further, on the evidence it is found that the alleged misconduct did not occur as claimed by defendant.

In his motion defendant further contends, among other things, that other alleged juror misconduct which was *not discovered until after* trial and the return of the verdict, occurred during trial in the above-entitled criminal action. He states that ". . . it was discovered that certain government witnesses, in the course of said trial, engaged in conversation with members of the jury in said cause and that defendant's name and the location of his arrest were mentioned." Defendant further states that "since the trial of this matter Officer William E. Frazier, a witness called on behalf of the Government, did state to this counsel that he did have a conversation with a juror." These allegations of alleged juror misconduct were never brought to the attention of the trial court by motion for mistrial or objection or otherwise.

■■ It is well-established that the integrity of jury proceedings must not be jeopardized by unauthorized invasions. Further, it is equally settled that it is the duty of the trial court to hear and consider contentions of alleged juror misconduct. Remmer v. United States, 347 U.S. 227, 229–230, 74 S.Ct. 450, 451, 98 L.Ed. 654, 656 (1954). Such a hearing should be held in order to " . . . determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial . . . ." Remmer v. United States, *supra.*

Therefore, an order was entered on February 1, 1974, setting an evidentiary hearing on defendant's new trial contentions of alleged juror misconduct discovered subsequent to the trial and verdict. That evidentiary hearing was held on February 14, 1974.

■ It is a cardinal principle of federal jurisprudence that generally where the defendant asserts essential unfairness to vitiate his trial, the burden must be sustained not as a matter of speculation, but as a demonstrable reality. Darcy v. Handy, 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331 (1956). This principle applies with equal force to a defendant who seeks to challenge the integrity of the trial by reason of alleged juror misconduct. United States v. Sockel, 478 F.2d 1134, 1137 (8th Cir. 1973). Based on the record presented, the testimony presented at the evidentiary hearing held on February 14, 1974, and defendant's affidavits and suggestions in support of the motion for a new trial, it is concluded that defendant has failed to establish that prejudice existed at the trial so as to deny him fundamental fairness or otherwise warrant the granting of his motion for a new trial.

■ The testimony of the witnesses at the post-trial evidentiary hearing, defendant's sister-in-law Jackqulyne Mitchell, defendant's mother Alva Sisco, Richard Johnson and William E. Frazier, has been considered apart from the affidavits offered and conditionally admitted to make a complete record. It is found that the defendant has wholly failed to prove that juror Jean Lee considered anything other than the law and the evidence in reaching her finding that the defendant was guilty. The same finding is made with respect to the affidavits submitted by the defendant and plaintiff. The contacts and alleged conversations with juror Lee were initiated by defendant's mother and sister-in-law, all in violation of oral cautionary orders repeatedly announced in Court in the presence and hearing of these relatives of the defendant.

The affidavits of the jurors (admitted into evidence as plaintiff's Exhibits A, B, and C) alleged to have received information may be considered to support the verdict. *See,* Annotation at 32 A.L.R.3d 1356, 1410–1413. These affidavits corroborate the findings made from the evidence and reliance is not placed thereon because the evidence at the post-trial

hearing clearly warrants the findings made therefrom. The same statement is applicable to the in-court examination of juror Lee when the jury was recalled during its deliberations.

On the more serious charge that a Government witness related in the presence and hearing of one or more jurors in this case that the defendant had previously been arrested on 27th Street, the evidence is overwhelming that this did not occur. The Government witness Frazier frankly admitted talking to juror Allison who approached him during a recess to ask how long the recess would last. The conversation, however, was proved to be an innocent one about a hunting trip in the State of Iowa.

The testimony given at the evidentiary hearing held on February 14, 1974, and the affidavits presented do not reveal any statements or acts which can be said to have rendered the trial in the case at bar unfair. No prejudice which would warrant the granting of defendant's motion for a new trial has been established. "There is no doubt that a jury is to be protected against external and unwarranted contacts but 'As Turner [Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965)] makes clear, the Court declared no *per se* rule that mere contact or association between a witness for the prosecution and a member of members of the jury constitutes the trial unfair in the constitutional sense; more must appear to affect the validity of a conviction.' Helmick v. Cupp, 437 F.2d 321 (9th Cir. 1971). To the same effect see Gonzales v. Beto, 445 F.2d 1202 (5th Cir. 1971)." Murphy v. United States, 481 F.2d 57, 61 (8th Cir. 1973).

In his motion, defendant further states that ". . . the Court erred in admitting over defendant's objection the testimony of the government's witness, Richard Johnson, relating to past conduct of defendant where said conduct did not constitute the commission of other crimes." In particular, defendant states as follows:

"That the government's witness, Richard Johnson, was allowed to testify over defendant's objection as to two conversations with defendant, one relating that Johnson asked defendant Sisco to produce an ounce of heroin and the second to the effect that defendant Sisco stated that he was going to purchase a pound of heroin. Admission to this evidence was erroneous for the reasons that such conduct does not constitute a separate crime; that at this point in the trial defendant had not affirmatively presented evidence placing the question of identity in dispute; and the potential for prejudice to defendant, in that it identified defendant in connection with heroin although not in illegal circumstances, outweighed its probative value, which was slight in that it was not evidence of the commission of the crime charged. See United States v. Lewis (C.A. 8, 1973) 423 F.2d 457 at 459."

In the case at bar, the defendant Sisco indicated at the Omnibus Hearing that his defense would include the lack of specific intent and alibi. Thus the government offered the above evidence for the purpose of proving intent, knowledge, identity and absence of mistake or accident.

The law is clear in this circuit that " '[e]vidence of prior conduct which may constitute a separate crime is admissible and relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one stands to establish the other, and (5) the identity of the person charged with the commission of the crime on trial.' " United States v. Jones, 491 F.2d 526, at page 528 (8th Cir. 1973); O'Reilly v. United States, 486 F.2d 208, 212 (8th Cir. 1973); United States v. Cochran, 475 F.2d 1080, 1082 (8th Cir. 1973); United States v. Lewis, 423 F.2d 457, 459 (8th Cir. 1970), cert. denied, 400 U.S. 905, 91 S.Ct. 146, 27 L.

Ed.2d 142 (1970); Love v. United States, 386 F.2d 260, 266 (8th Cir. 1967), cert. denied, 390 U.S. 985, 88 S. Ct. 1111, 19 L.Ed.2d 1286 (1968).[1]

Whether the probative value of such evidence outweighs its potential for prejudice to the defendant is a matter subject to the discretion of the trial judge. United States v. Jones, *supra*; United States v. Lewis, *supra*; Wakaksan v. United States, 367 F.2d 639, 645 (8th Cir. 1966), cert. denied, 386 U.S. 994, 87 S.Ct. 1312, 18 L.Ed.2d 341 (1967).

Based on the record presented, it is concluded that there was not an abuse of discretion in admitting the evidence of prior conduct so closely related in time and nature to the charge in this case. Further, it is found that the probative value of that evidence far outweighed any potential prejudice to the defendant.

Defendant finally contends that " . . . the evidence presented by the government was so contradictory that the verdict of guilty was contrary to the manifest weight of evidence." In essence, defendant asserts that the facts established at this trial do not constitute evidence sufficient to sustain his conviction for the offense of knowingly and intentionally possessing and distributing a controlled substance, to wit, heroin, in violation of Section 841(a)(1), Title 21, United States Code. Having reviewed the record and taking the facts in the light most favorable to the verdict of the trier of fact, accepting as established all reasonable inferences that tend to support the fact trier's decision, and resolving any evidentiary conflicts in favor of the fact finder's verdict, United States v. Dugan, 477 F.2d 140, 142 (8th Cir. 1973); United States v. Henson, 456 F.2d 1045 (8th Cir. 1972), it is concluded that the evidence was sufficient, if believed, to support a finding that defendant knowingly and intentionally distributed to an agent of the United States Government, a controlled substance, to wit, heroin. *See*, United States v. Hutchinson, 488 F.2d 484 (8th Cir. 1973).

Based on the foregoing reasons, the record presented, the testimony adduced at the evidentiary hearing on February 14, 1974, and the suggestions in support and in opposition to the motion under consideration herein, it is hereby concluded that defendant's motion for a new trial should be denied.

For the foregoing reasons, it is therefore

Ordered that defendant's motion for a new trial be, and it is hereby, denied.

---

1. *See also*, Umbaugh v. Hutto, 486 F.2d 904, 906–907 (8th Cir. 1973).