UNITED STATES of America,
Appellee,

v.

William Marcellus PARKER, Appellant.

UNITED STATES of America,
Appellee,

v.

Chauncey Lee JONES, Appellant.

Nos. 73-1138, 73-1194.

United States Court of Appeals,
Eighth Circuit.

Jan. 3, 1974.

Certiorari Denied May 13, 1974.
See 94 S.Ct. 2396.

On Petition for Rehearing
En Banc

BRIGHT and ROSS, Circuit Judges, separate statement of views on petition for rehearing.

We vote against a rehearing en banc because the circumstances in these cases indicate that the errors in admitting the questioned exhibits were nonprejudicial.

Judge Vogel, writing Sanchez v. United States, 293 F.2d 260, 269 (8th Cir. 1961), aptly states the law that it is error and ordinarily reversible error to receive an exhibit containing *"a neat condensation of the government's whole case against the defendant."* (Emphasis in original.) *Id.*, at 269, quoting from United States v. Ware, 247 F.2d 698,

---

700 (7th Cir. 1957). In *Sanchez*, the prosecution offered a weak case and in addition to improperly introducing the questioned exhibits, also presented hearsay evidence, to which objection had been taken. This court granted a new trial. Here, the government presented strong cases, apparently free of serious trial error except for admitting into evidence and sending to the jury the exhibits which in part recited the alleged facts of each defendant's sale of drugs to a government informant. That recitation constituted hearsay and the trial court in each case should have ordered the references to details of the sales transaction removed from the exhibits.

Prosecutors who insist upon introducing a written narrative summary of the facts of sale into evidence in the trial of a narcotics case create a needless risk of injecting prejudicial error into the proceedings.

LAY and HEANEY, Circuit Judges (dissenting).

We dissent from the denial of a rehearing en banc. The government's attempt to use a similar report in the form of a written summary of its proof has been ruled improper by every circuit which has been faced with the question, including our own. *See* Sanchez v. United States, 293 F.2d 260 (8th Cir. 1961); United States v. Brown, 451 F.2d 1231 (5th Cir. 1971); United States v. Ware, 247 F.2d 698 (7th Cir. 1957). *Cf.* United States v. Adams, 385 F.2d 548 (2d Cir. 1967).

The reasoning that the report is simply cumulative has been rejected by these same courts. As the Fifth Circuit in United States v. Brown, 451 F.2d 1231, 1234 (5th Cir. 1971), observed:

We conclude, as did the Court of Appeals of the Seventh Circuit, that even though "the persons who made the memoranda were present at the trial and were tendered for cross-examination (and) that the memoranda were merely cumulative of other evidence properly in the record and that there was overwhelming evidence properly received of the defendant's guilt", we cannot say that the error did not influence the jury, to the defendant's detriment, or even that it had but very slight effect.

The majority opinion distinguishes Sanchez v. United States, 293 F.2d 260 (8th Cir. 1961),[1] on the ground that in *Sanchez* custody and identification were not in issue, whereas Parker and Jones challenged the government's chain of custody and identification. The majority here indicates that where "custody is not in issue and proper objection is made, the sending of such exhibits to the jury might well be found to be error." Thus, the defendant who attempts to assert objection to a possibly faulty chain of custody or misidentification must risk that in so doing he subjects himself to prejudicial hearsay containing a condensation of the government's case. As stated by the Seventh Circuit, "[t]he government's witnesses in effect accompanied the jury into the jury room." United States v. Ware, 247 F.2d 698, 700 (7th Cir. 1957).

In cases where such hearsay is contained in the report, it would be a simple procedure to excise the prejudicial portion before giving it to the jury. Hopefully, our disagreement will point up to the government that if such a prejudicial report is in the future offered into evidence it may face a possible reversal, whether custody is challenged or not.

1. It is significant that two members of the *Sanchez* court, Judge Vogel and Judge Gardiner, felt the error committed was so prejudicial that it constituted plain error. As

Judge Van Oosterhout pointed out in his concurring opinion, no objection was made in the trial court to the exhibits.