**Walter W. BATTEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50850.**

Court of Criminal Appeals of Texas.

Jan. 28, 1976.

On Rehearing Oct. 20, 1976.

Weldon Holcomb, Tyler, for appellant.

Curtis Owen, Dist. Atty., and Frank McClendon, III, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for sale of marihuana. A jury assessed punishment at five years.

Appellant contends that the trial court erred in admitting into evidence over objection an evidence envelope on which appeared the following (handwritten portions emphasized):

"CITY OF TYLER POLICE DEPT.
REPORTING OFFICE: Vice
EXHIBIT NO.: 1
CASE NUMBER: C–59
NAME: Walter Wayne Battee
ALIAS:
ADDRESS: 215 West Harpole, Tyler, Texas
EVIDENCE: Four (4) plastic bags containing green plant material
HOW OBTAINED:
PURCHASED BY: O. Salazar
SEIZED BY:
COLLECTED BY:
WHERE OBTAINED: 215 West Harpole, Tyler, Texas
DATE: 5–8–73
TIME: 2038
AMOUNT PAID: $44.00
WITNESSES:
PERSON REPORTING CASE: W. Hardy
REMARKS: Sale of marihuana"

Appellant properly objected when the envelope was introduced into evidence. The objection sufficiently apprised the trial court that the written notations constituted inadmissible hearsay. The trial court in overruling the objection committed reversible error under *Coulter v. State,* Tex.Cr. App., 494 S.W.2d 876, and the authorities there cited.

The State in its brief by various arguments attempts to evade the holding of *Coulter v. State,* supra. All such arguments misapprehend the extent of the harm to a defendant that results from admission of such evidence. As the Seventh Circuit has reasoned in *United States v. Ware,* 247 F.2d 698, 700–701 (7th Cir. 1957):

"The jury thus had before it a neat condensation of the government's whole case against the defendant. The government's witnesses in effect accompanied the jury into the jury room. In these circumstances we cannot say that the error did not influence the jury, to the defendant's detriment, or had but very slight effect."

The judgment is reversed and the cause remanded.

## OPINION

## ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

The State makes a strenuous effort to distinguish *Coulter v. State,* 494 S.W.2d 876 (Tex.Cr.App.1973), upon which the reversal in this case was based. The primary contention is that both the witness who provided the information that appeared on the envelope (Salazar) and the witness who recorded the information on the envelope (Hardy) were present and subject to cross-examination by the appellant. Hardy made it clear that he simply recorded the information given him by Salazar without re-

gard to its truthfulness and Salazar himself gave the same evidence in his direct testimony that appeared on the envelope. These facts do indeed distinguish this case from *Coulter,* supra, but they do not dissuade us from our conclusion on original submission.

*Coulter,* supra, made it clear that the evidence envelope was objectionable hearsay not only because the proper predicate had not been laid for its introduction under the Business Records Act, Art. 3737e, V.A. C.C.P.,[1] but also because it lacked sufficient additional indicia of reliability. Certainly cross-examination of the chemists who had made the entries on the envelope would have gone a long way toward providing that additional indicia of reliability, but it would not necessarily have been sufficient. *Wood v. State,* 511 S.W.2d 37, 49 (Tex.Cr. App.1974) (concurring opinion).

The evidence envelope introduced at appellant's trial was almost identical to that condemned in Coulter,[2] and both were prepared not in the regular course of business but with a specific view toward prosecution in mind. Such records should not be admissible under the business records exception when offered by the party responsible for making the record. *Palmer v. Hoffman,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943). The *Palmer* doctrine has been applied to the use of police records such as the one involved here in those federal courts that have considered the subject. *United States v. Smith,* 172 U.S.App.D.C. 297, 521 F.2d 957 (1975); *United States v. Brown,* 451 F.2d 1231 (5th Cir. 1971), and *United States v. Ware,* 247 F.2d 698 (7th Cir. 1957). The last two cited cases were quoted with approval by this Court in *Coulter.* The additional indicia of reliability and trustworthiness was found to be lacking in the cases, even though there was cross-examination of the makers of the records. See also *United States v. Frattini,* 501 F.2d 1234 (2d Cir. 1974); *United States v. Adams,* 385

---

1. The objectionable exhibit in this case also suffers from this defect inasmuch as there does not appear to have been any attempt to lay a predicate for it under the act.

2. See also *Rodriquez v. State,* 494 S.W.2d 864 (Tex.Cr.App.1973) and *Nelson v. State,* 507 S.W.2d 565 (Tex.Cr.App.1974).

F.2d 548 (2d Cir. 1967); and *Sanchez v. United States,* 293 F.2d 260 (8th Cir. 1961) for other reversals on the authority of *Ware,* supra. Cf. *United States v. Parker,* 491 F.2d 517 and *United States v. Jones,* 491 F.2d 526 (8th Cir. 1973).

By its quotation from *Ware,* supra, in the opinion on original submission, the Court has also indicated its decision to base this reversal on the independent ground adopted by the 7th, 8th and District of Columbia Circuits in *Ware,* supra; *Sanchez,* supra; and *Smith,* supra, respectively. Those courts condemned the introduction of concise summaries of the government's cases against the defendants since they had the effect of permitting the government's witnesses to accompany the jury during its deliberations.

For the foregoing reasons, we reject the arguments offered in the State's Motion for Rehearing.