Thomas Coye SISSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 55670.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 8, 1978.

Weldon Holcomb, Tyler, for appellant.

Harry R. Heard, Dist. Atty. and Ned C. Butler, Asst. Dist. Atty., Gilmer, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

### OPINION

ODOM, Judge.

This is an appeal from a conviction for delivering a controlled substance, to-wit: cocaine. Trial was before a jury and punishment was assessed at seventy five years.

Appellant contends that the trial court erred in allowing the introduction of State's Exhibit No. 1 which was an evidence envelope on which appeared the following (handwritten portions emphasized):

"NARCOTICS SECTION

INVESTIGATION NO. <u>IC–75–0001</u>

DEFENDANT(S) <u>Sisson, Coye</u>

DESCRIPTION OF DEFENDANT(S) <u>white male, approximately 45 years of age approximately 5′ 9″ tall, 180 pounds, gray hair</u>

VIOLATION <u>Delivery of a Controlled Substance; namely cocaine</u>

DATE & TIME OF OFFENSE <u>11–11–75 8:50 P.M.</u>

LOCATION OF OFFENSE <u>Gilmer, Texas</u>

DESCRIPTION OF ENCLOSED EVIDENCE <u>Three (3) tin foil packages, each containing a brownish powder substance</u>

REMARKS _____

AGENT <u>Danny Green #2549</u>

WITNESSES _____

SUBMITTED BY <u>Danny Green</u>

ON <u>11–12–75</u>       at       M.

VIA <u>Personally</u>

/s/ <u>Danny Green</u>
Signature"

The record reflects that appellant timely objected to the introduction of the exhibit on the grounds that it constituted hearsay.

In numerous opinions we have discussed the harm occasioned by the introduction of evidence envelopes or documentary reports over objections on which appear written notations that constitute inadmissi-

ble hearsay. See *Battee v. State,* Tex.Cr. App., 543 S.W.2d 91; *Nelson v. State,* Tex. Cr.App., 507 S.W.2d 565; *Coulter v. State,* Tex.Cr.App., 494 S.W.2d 876; *Rodriguez v. State,* Tex.Cr.App., 494 S.W.2d 864. Our reasoning and position in this regard has not changed. In the present case, not only had the proper predicate not been laid for the evidence envelope's introduction under the Business Records Act, Art. 3737e, V.A. C.S., but again, as we have held before, an exhibit of this nature lacks "the indicia of reliability necessary for its admission . . . ." *Coulter,* supra, at p. 883.

■ We cannot agree with the State's contention that the error was rendered harmless by the fact that the appellant had an opportunity to thoroughly cross-examine the narcotic agent who had filled out the information on the envelope. In *Coulter,* supra, we agreed with the reasoning in *United States v. Brown,* 451 F.2d 1231 (5th Cir. 1971) wherein the court stated:

"[E]ven though 'the persons who made the memoranda were present at the trial and were tendered for cross-examination (and) that the memoranda were merely cumulative of other evidence properly in the record and that there was overwhelming evidence properly received of the defendant's guilt', we cannot say that the error did not influence the jury, to the defendant's detriment, or even that it had but very slight effect."

In *Brown,* supra, quoting from *United States v. Ware,* 247 F.2d 698, 700 (7th Cir. 1957), the court reasoned that even if the government had established that the necessary predicate required by the Shopkeeper's Rule, 28 U.S.C.A., Sec. 1732 (the federal counterpart to Art. 3737e, V.A.C.S.) had been laid, evidence of this nature would be inadmissible because it:

". . . lack[s] the necessary earmarks of reliability and trustworthiness. [Its] source and the nature and manner of [its] compilation unavoidably dictate that [it is] inadmissible under section 1732. [It is] also subject to the objection that such utility as [it] possess[es] relates primarily to prosecution of suspected law

breakers, and only incidentally to the systematic conduct of the police business. Cf. *Palmer v. Hoffman,* supra, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645." *Coulter,* supra; *Battee v. State,* supra.

Reversible error was committed by the introduction of the exhibit.

■ There exists another reason why the instant conviction must be reversed. At the punishment hearing, in cross-examining the appellant's character witnesses with "have you heard" questions, the State's Attorney asked the following question:

"Have you heard that on August the 7th, 1976, this Defendant with Randy Walter, Kay Miller and Donna Rana *did in fact,* smoke marihuana together, have you heard that?" (Emphasis added.)

In *Moffett v. State,* Tex.Cr.App., 555 S.W.2d 437, we held that "have you heard" questions could legitimately be asked even if they contained details of the rumored event alluded to; however, a question which injected an assertion of fact was clearly improper. We stated:

"[T]he question [in each of earlier cases discussed] was improper, not for excessive detail in describing the rumored event inquired about, but because the question, properly begun, went off-course before its completion by the use of other words in the middle of the question that had the effect of negating the unassertive "have you heard," and replacing it with words asserting the matter as fact." at p. 442.

Each case must be reviewed on its own facts in making the determination of whether the question asked is improper. If found to be improper, the circumstances of each case will determine if the harm can be cured by an instruction to disregard. *Moffett v. State,* supra.

In the present case we find the aforementioned question to fall squarely within the prohibition described in *Moffett,* supra. The use of the words "did in fact" in the middle of the "have you heard" question had the undeniable effect of "asserting the matter as fact."

We further hold that the error does not fall within the purview of *Carey v. State,* Tex.Cr.App., 537 S.W.2d 757, where the objection was sustained and a lengthy instruction to the jury to disregard was given, because in the instant case appellant had secured an adverse ruling from the court of "Your objection will be a continuing objection which will be overruled," just two questions earlier. This ground presents reversible error.

For the above reasons, the judgment is reversed and the cause remanded.