Kenneth Lee **KISTLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 57534.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 28, 1979.

Rehearing En Banc Denied Jan. 9, 1980.

Thomas M. Whitworth, Houston, for appellant.

Carol S. Vance, Dist. Atty., J. Richard Trevathan and Dennis C. Cain, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

**DALLY, Judge.**

This is an appeal from a judgment in which the appellant was convicted of the offense of delivery of amphetamine, a controlled substance. The punishment, enhanced by a prior felony conviction, is imprisonment for seven years.

The appellant asserts that the trial court committed reversible error when it admitted in evidence over timely objection inadmissible hearsay evidence.

Over proper and timely objection the court admitted into evidence State's Exhibit No. 4, which was an envelope bearing notations which were made by the officer submitting evidence to the crime laboratory.

The complained of evidence which was admitted follows:

"CASE NO. H–68341

REQUIRED INFORMATION FOR SUBMITTING EVIDENCE TO CRIME LABORTORY (sic) HOUSTON POLICE DEPARTMENT

Suspect <u>Kenneth Lee Kistler</u>
Print full name, sex, age and color
Offense SALE OF CONT. SUB Dat4 of Offense 1–13–75
Location <u>2725 Yale</u>
Complaint <u>State of Texas</u>
(Print full name, sex, age, and color)
Submitting Officer <u>R. C. Garza</u> Date submitted 1–13–75
Dept or Division <u>Narcotics</u>
Evidence Submitted <u>3-Yellow & Black Capsules</u>
Analsis (sic) Required <u>If cont. Sub.</u>

| | |
|---|---|
| RFNB 7:15 A.M. | <u>R. C. Garza</u> |
| 14 June 76 (Wed.) | (Officer's Signature) |
| P.S. | <u>Police Officer</u> |
| | (Title) |
| | <u>2169</u> |
| | (Badge No.) |

Report introduced 208th 12 Oct. 76"

The admission of the above evidence over the appellant's timely objection constitutes error. We need not restate the reasons which have been amply stated in the opinions of this Court and in the opinions of the United States Court of Appeals for four circuits. See *Coulter v. State,* 494 S.W.2d 876 (Tex.Cr.App.1973); *Rodriquez v. State,* 494 S.W.2d 864 (Tex.Cr.App. 1973); *Nelson v. State,* 507 S.W.2d 565 (Tex.Cr.App.1974); *Battee v. State,* 543 S.W.2d 91 (Tex.Cr.App.1976); *Sisson v. State,* 561 S.W.2d 197 (Tex.Cr.App.1978); *Carrier v. State,* 565 S.W.2d 57 (Tex. Cr.App.1978); *United States v. Brown,* 451 F.2d 1231 (5th Cir. 1971); *United States v. Adams,* 385 F.2d (2nd Cir. 1967); *Sanchez v. United States,* 293 F.2d 260 (8th Cir. 1961); *United States v. Ware,* 247 F.2d 698 (7th Cir. 1957).

The judgment is reversed and the cause is remanded.

**W. C. DAVIS, dissenting.**

I dissent to the reversal of this judgment. I would hold that under *Coleman v. State,* 577 S.W.2d 486 (Tex.Cr.App.1979), the introduction of this exhibit into evidence did not constitute reversible error. The notation on the envelope in this case was not in as great a detail as in *Coleman v. State,* supra, which we held did not require reversal. It did not name appellant as the one committing the offense. The sufficiency of the evidence to convict appellant was not challenged. The information on the envelope was certainly not a concise summary of the State's case, it contained nothing not already in evidence and there was no showing of harm to appellant by the introduction of this exhibit. I would hold that the admission of this exhibit, therefore, did not constitute reversible error.