UNITED STATES of America,
Plaintiff-Appellee,

v.

Ray LAUGA, Defendant-Appellant.

Nos. 84–3437, 84–3614
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 17, 1985.

John H. Craft, New Orleans, La. (Court-appointed), and J. Wayne Mumphrey, Chalmette, La., for defendant-appellant.

John P. Volz, U.S. Atty., Pauline F. Hardin, Harry W. McSherry, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Because they are based on the same convictions and sentences and involve the same or similar facts, we consolidate the appeal by Ray Lauga from the denial of postconviction relief under 28 U.S.C. § 2255 with his appeal from the denial of relief under Rule 35 of the Federal Rules of Criminal Procedure. Lauga claims that he was denied the effective assistance of counsel at the trial and appellate levels and that the trial court incorrectly declined to reduce the sentence on the obstruction of justice charge. Finding no merit in any issue raised in these appeals, we affirm.

### Facts

Ray Lauga, while a captain on the St. Bernard Parish, Louisiana Sheriff's force, was charged in a superseding indictment with conspiracy to distribute morphine, distribution of morphine, possession of cocaine with intent to distribute, and obstruction of justice. In January 1983 he was tried and convicted on all four counts and received concurrent eight-year sentences on the drug counts and a five-year sentence on the obstruction of justice charge. We affirmed on appeal, *United States v. Lauga*, 726 F.2d 1032 (5th Cir.1984). Invoking § 2255, Lauga sought postconviction relief on the grounds that his counsel was ineffective. After a hearing, the district court denied relief and Lauga appealed (our docket number 84–3437). Lauga then sought a reduction of sentence under Rule 35 claiming that his sentences were more severe than the sentences of his codefendants. The trial judge reduced the eight-year sentences on the drug counts to five years but declined to reduce the five-year obstruction

of justice sentence. Lauga appeals this denial (our docket number 84–3614).

### Ineffective Assistance of Counsel
### (Docket No. 84–3437)

The Supreme Court detailed the standard for gauging charges of ineffective assistance of counsel under the sixth amendment in *Strickland v. Washington,* directing that:

> the reasonableness of counsel's challenged conduct [must be determined] on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.... An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.... The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

— U.S. ——, —— – ——, 104 S.Ct. 2052, 2066–2069, 80 L.Ed.2d 674 at 695–698. Lauga claims four specific instances of al-

leged error on the part of his counsel. First, Lauga claims that his counsel should have accepted an offered continuance, thus allowing Lauga and a key witness to testify without being subject to impeachment by Lauga's prior conviction on an unrelated marihuana charge. The two did not testify. Second, Lauga claims that his trial counsel erred in failing to make a proffer of the testimony the two would have offered but for the threatened impeachment. Third, Lauga contends that his counsel failed to move for a mistrial when the government elicited coconspirator hearsay testimony without first securing a *James*[1] ruling. Finally, Lauga alleges that his counsel erred by not seeking a writ of certiorari from this court's affirmance of his conviction.

◼ The district court conducted an evidentiary hearing on the § 2255 application. Lauga testified, as did his trial attorney. Counsel had no recollection of an offered continuance, but did recall Lauga's desire to get the matter concluded as soon as possible after the marihuana trial which had resulted in Lauga's conviction. (Subsequently that case was retried on newly discovered evidence and Lauga was acquitted.) Lauga denied ever expressing a desire to "get the matter over with." The trial court credited counsel's testimony and added that there was no basis for believing that a continuance, if granted, would have delayed the present trial until after the retrial on the marihuana charge which came three months later. Nothing in this record even suggests that a continuance in excess of three months was in the offing. In addition to the foregoing, if Lauga had testified he was subject to impeachment by a tape recording of a conversation between him and a police informer during which they discussed a plan to obtain and sell narcotics.

◼ The trial judge offered Lauga an opportunity to proffer the testimony that would have been offered but for the threat-

---

**1.** *United States v. James,* 590 F.2d 575 (5th Cir.) (en banc), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), which sets forth this circuit's requirements for use of hearsay testimony of a coconspirator.

ened impeachment so the issue would be preserved for appeal. No proffer was made. Lauga charges constitutionally inadequate performance by counsel for failing to make this proffer. Lauga's trial counsel testified that the decision not to file affidavits of the proposed testimony was based on his assessment that the affidavits would do more harm than good. In addition to the very real risk of perjury, counsel, hoping for a reversal on other grounds, concluded that the affidavits would have unnecessarily alerted the government to matters which would have been important to the defense on a retrial, thus lessening their value. Counsel testified that he discussed the matter with Lauga and a knowing, conscious decision not to make the proffer was mutually agreed upon. That testimony was credited by the trial judge.

■ Lauga next complains of a *James* trial error which allegedly entitled him to a mistrial. At one point in the trial the prosecutor elicited hearsay testimony from a coconspirator without first seeking a *James* ruling that there was sufficient evidence dehors the hearsay testimony to warrant allowance of the hearsay. The trial judge cautioned the prosecutor that he was flirting with a mistrial by his approach. After a recess, Lauga's attorney did not seek a mistrial. Counsel testified that he discussed the matter with Lauga but because cross-examination of a government agent had developed points of weakness in the prosecutor's case a decision was made to forego the mistrial motion. In addition to this, we would parenthetically note that the *James* rule format is not absolute; hearsay testimony may be adduced before the court makes the *James* findings. The danger of offering hearsay before a *James* ruling lies in the risk that the court will ultimately disallow the evidence and a mistrial (or reversal on appeal) will be mandated. *See United States v. Whitely,* 670 F.2d 617 (5th Cir.1982).

■ Each of the three alleged acts of incompetence of counsel were in fact conscious strategic or tactical trial decisions.

*Strickland v. Washington* makes abundantly clear that such decisions do not constitute unreasonable actions simply because 20/20 hindsight and knowledge of the intervening conviction might lead another attorney to opt otherwise. Further, even had the trial decisions been different there has been no showing that the result of the trial would have been different. We perceive neither an inadequate level of performance by counsel nor prejudice resulting from counsel's trial decisions. Lauga's contentions to the contrary are without merit.

■ Finally, Lauga claims ineffective assistance of counsel because his attorney did not seek a writ of certiorari from the Supreme Court. We find the suggestion that Lauga's conviction is constitutionally infirm because his attorney did not file a petition for certiorari totally devoid of merit.

### Reduction of Sentence (Docket No. 84–3614)

■ Appellate review of a trial court's action on a Rule 35 motion is under the abuse of discretion guidon. *United States v. Garcia,* 693 F.2d 412 (5th Cir.1982). We find no such abuse.

■ Lauga first contends that the reduction of the sentences on the drug-related counts from eight to five years reflects that his conviction on the obstruction of justice charge was improper. Lauga misperceives the role of a Rule 35 motion. In that postconviction setting, the validity of the conviction is presumed; it may not be challenged. *United States v. Cumbie,* 569 F.2d 273 (5th Cir.1978). We decline to consider that contention.

■ Lauga also argues that the impropriety of his sentence is evident when it is contrasted with the sentences given his codefendants. The trial judge is not obliged to consider the sentences of codefendants. *United States v. Hayes,* 589 F.2d 811, 827 (5th Cir.1979) ("[a] defendant cannot rely upon the sentences which other defendants receive as any yardstick for his

sentence"). Were such sentences relevant, it would be relevant also to consider the fact that the codefendants here cooperated with the government and were not charged with obstruction of justice. But that is a matter beyond our pale. We find no valid basis for an attack upon Lauga's sentence on the obstruction of justice charge.

We AFFIRM the judgment of the district court denying relief under 28 U.S.C. § 2255.

We AFFIRM the judgment of the district court declining to reduce, under Rule 35, the sentence imposed on the obstruction of justice charge.