Frank BUCKLEY, Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 88–2947.

United States Court of Appeals,
Fifth Circuit.

June 27, 1990.

Rehearing and Rehearing En Banc Denied Aug. 7, 1990.

Frank Buckley, Palestine, Tex., pro se.

Jim Mattox, Atty. Gen., Wm. C. Zapalac, Rex Hall, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge,
WISDOM, and SMITH, Circuit Judges.

WISDOM, Circuit Judge:

By writ of habeas corpus, Frank Buckley challenges his 1979 conviction for aggravated rape. The Texas Court of Appeals affirmed his conviction by a Harris County, Texas jury.[1] 630 S.W.2d 740. The Court of Criminal Appeals denied Buckley's petition for discretionary review. He sought relief by applying for a state writ of habeas corpus. His application was denied. Buckley then filed a petition for habeas corpus in federal district court. That court, too, determined that Buckley was not entitled to relief. We issued a certificate of probable cause. We now affirm the district court.

Recitation of the facts puts the issues in focus. Patricia Rogers, the complaining witness, and her date, Keyloe McKenzie, went out for dinner and drinks on the night of January 11, 1989. After dinner, the couple went to a nightclub, Steamboat Springs, to listen to live music. They left at approximately 2:00 a.m., but Rogers, who had driven that night, realized upon leaving the club that she had lost her keys. According to the State, Buckley, who earli-

er was in the bar, offered to help the two find the keys with the aid of his car's headlights. He invited the couple into his car to search the parking lot. After a short while he suggested that McKenzie walk alongside the car so that he might better see the keys. When McKenzie did so, Buckley sped off with Rogers. Over the next four hours, he threatened, beat, and raped Rogers. Buckley maintains that McKenzie was the one who abused Rogers; as a good Samaritan he gave Rogers a ride to her friend's apartment.

Buckley advances a number of arguments before this Court. First, he contends that he received ineffective assistance of counsel both at trial and on appeal. Second, he argues that the Texas rape statute is unconstitutional. Third, he argues that the jury instructions were so defective as to deny him a fair trial.

### A. Ineffective Assistance of Counsel

Buckley alleges ineffective assistance of counsel at trial and again on appeal. His objections to his trial counsel's performance primarily concern the attorney's choice of witnesses.

In evaluating allegations of ineffective assistance of counsel, we bear in mind the two basic inquiries that should be made in such a case, as stated in *Strickland v. Washington.*[2] The first inquiry is whether the counsel's performance was deficient. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment".[3] As we observed in *Bridge v. Lynaugh,*[4] "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that under the circumstances, the challenged action 'might be considered sound trial strategy' ".[5] The second inquiry under *Strickland* is whether coun-

---

1. A previous trial ended in a mistrial.

2. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

3. *Id.* at 687, 104 S.Ct. at 2064.

4. 838 F.2d 770, 773 (5th Cir.), *reh'g denied en banc,* 843 F.2d 499 (5th Cir.1988).

5. *Id.,* quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

sel's allegedly deficient performance prejudiced the defense. The burden is on the petitioner to show a reasonable probability that, but for counsel's errors, the result would have been different.[6]

■ Buckley contends that trial counsel Jack Bailey prejudiced his defense and displayed poor judgment in calling certain witnesses to testify during the defendant's case-in-chief. The first of these witnesses is Keyloe McKenzie, the companion of the complaining witness on the night in question. Buckley argues that counsel should have known from the transcript of the first trial that McKenzie would corroborate Rogers's account of the events.[7]

The attorneys who represented Buckley filed affidavits stating that the purpose behind calling McKenzie was to attack Rogers's story indirectly. They concluded that attacking Rogers directly might backfire. The state court accepted this statement as true, and we may assume that it is correct.[8]

We hold that Buckley has not sustained his burden of showing that the calling of McKenzie was not sound trial strategy. Counsel's conclusion that attacking Rogers directly might backfire was a reasonable strategic choice. The Seventh Circuit addressed a similar issue in *Cartee v. Nix.*[9] The petitioner partially based his ineffective assistance contention on counsel's failure to cross-examine the prosecution's key witness about her relationship with a robbery victim. Counsel concluded that "an attempt to imply anything improper ... might backfire". The court classified counsel's decision as a strategic choice. It may be that McKenzie's testimony harmed the defense, but a conscious strategic or tactical trial decision is not unreasonable simply

because "20/20 hindsight ... might lead another attorney to opt otherwise".[10] Moreover, counsel reasonably may have believed that the jury would react negatively to parts of McKenzie's testimony. For example, McKenzie testified that the defendant beat him severely, knocking him to the ground several times. Shortly after, according to McKenzie, Buckley offered to help the couple find the missing keys. During this effort, McKenzie got into Buckley's car while the headlights were being used. This altercation also raised the question of bias on the part of McKenzie; the defense argued that McKenzie was eager to see Buckley convicted because of the beating inflicted upon him.

■ Buckley also contends that counsel's calling Max Weiner to testify constituted deficient performance, since it tended to support one part of McKenzie's story. McKenzie testified that Weiner is the attorney whom he called after Buckley abducted Rogers. McKenzie had previously testified that he did not call the police when Buckley drove off because Weiner advised him that no action could be taken for twenty-four hours. Counsel called Weiner to contradict this statement, and he did so. McKenzie's failure to call the police in the circumstances he described was a legitimate issue for counsel to pursue. His doing so was not deficient performance, but conscious trial strategy.

■ Next Buckley complains that trial counsel did not call Susan Smith to testify for the defense. Smith would have testified that Rogers had a facial laceration while in the bar, suggesting that her story blaming Buckley for her bruises was not credible. Counsel stated in his affidavit,

---

6.  *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

7.  The federal district court, in denying habeas relief to the petitioner, considered the defense examination of McKenzie to be merely repetitive, since it understood that the prosecution had called him in its case-in-chief. Although the state called McKenzie in the first trial, it did not do so in the second.
    We note that trial counsel advised Buckley of his trial strategy and that Buckley concurred in his suggested approach.

8.  28 U.S.C. § 2254(d).

9.  803 F.2d 296, 303 (7th Cir.1986), *cert. denied,* 480 U.S. 938, 107 S.Ct. 1584, 94 L.Ed.2d 774 (1987).

10. *United States v. Lauga,* 762 F.2d 1288, 1291 (5th Cir.), *cert. denied,* 474 U.S. 860, 106 S.Ct. 173, 88 L.Ed.2d 143 (1985).

however, that Smith would have added that Rogers's condition was not nearly as severe as shown by photographs taken a few hours after the incident. Buckley has not overcome the strong presumption that counsel's decision was a strategic one. Furthermore, "[c]omplaints of uncalled witnesses are not favored in federal habeas review".[11]

We have considered the petitioner's other allegations of deficient performance by his attorneys. They have no merit.

In evaluating appellate counsel's performance, we are aware that the advocate's task is to focus on those issues most likely to prevail rather than to advance all possible border-line arguments in the hope that something will work. In *Jones v. Barnes*,[12] the Supreme Court quoted from an article by Justice Jackson on appellate advocacy:

> The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one....[13]

Dickson filed a forty-four page brief on Buckley's behalf in which he raised and briefed fourteen points of alleged error at the trial. We find no deficiency in appellate counsel's performance.

### B. *Constitutionality of the Texas Rape Statute*

Buckley argues that the Texas rape statute is constitutionally defective in two respects; 1) it is unconstitutionally vague; 2) its language allowed the state to put him in double jeopardy. We reject both challenges.

■ Section 21.02 of the Texas Penal Code defines rape:

(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

(b) The intercourse is without the female's consent under one or more of the following circumstances:

(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or

(2) he compels her to submit or participate by any threat, communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm.[14]

Section 21.03 defines the offense of aggravated rape:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code ... and he:

(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.[15]

A penal statute is void for vagueness unless it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement".[16] We agree with the district court that the laws in question clearly distinguish between the two offenses. The offense of aggravated rape imposes a greater burden on the state; the state

---

**11.** *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir.1984).

**12.** 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

**13.** *Id.* at 752, 103 S.Ct. at 3313, quoting Jackson, *Advocacy Before the United States Supreme Court,* 25 Temple L.Q. 115, 119 (1951).

**14.** Tex. Penal Code Ann. § 21.02 (Vernon 1974) (repealed).

**15.** Tex. Penal Code Ann. § 21.03 (Vernon 1974) (repealed).

**16.** *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). *See also Coates v. City of Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971).

 

must prove not only that a threat was made (and consent vitiated), but that a threat of serious bodily injury or death was made.

■ Buckley next contends that because the two offenses "carry the very same meaning with different penalty guidelines",[17] he has been placed in double jeopardy. Buckley is, of course, correct that rape is a lesser included offense of aggravated rape. That, however, has no bearing on the fact that he was tried and convicted of one crime only, aggravated rape. Nothing in this case implicates the double jeopardy clause.

### C. *Jury Instructions*

■ Buckley argues that the trial court's instructions to the jury constituted an impermissible "constructive amendment" to the indictment and thereby deprived him of due process of law. Buckley failed to object to the instructions at trial. Accordingly, the court will reverse only if the error is fundamental—one that denied him a fair and impartial trial. The trial court instructed the jury to find the defendant guilty of aggravated rape if it found that he used "force" *or* "any threat or threats". The indictment charged that the defendant used force *and* threats. Buckley clarifies his argument in his reply brief. He seems to argue that he was prejudiced by an instruction allowing conviction for rape or aggravated rape, since he was indicted for aggravated rape alone. He reasons that had the jury not found that the state proved aggravated rape, they would have found Buckley guilty of rape. This, Buckley maintains, confused the jury. We find no merit to this argument.

## CONCLUSION

We affirm the district court's denial of relief to the petitioner. Buckley has not satisfied the burden of showing that he was denied effective assistance of counsel. We reject his challenges to the constitution-

**17.** Brief of Petitioner at 32.

ality of the Texas rape statute and to the jury instructions.

AFFIRMED.