953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enseam L. BROWN, Defendant-Appellant.
 No. 91-5274.
 United States Court of Appeals, Fourth Circuit.
 Argued Aug. 1, 1991.
Decided Feb. 3, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-90-376-JH)
 Argued: Gary Alan Rubard, Temple Hills, Md., for appellant; Geoffrey Robert Garinther, Assistant United States Attorney, Baltimore, Md., for appellee.
 On Brief: Richard D. Bennett, United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Enseam L. Brown appeals the sentence imposed pursuant to his conviction for bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. We find no merit to his appeal, and we dismiss in part and affirm in part.
 
 I.
 
 2
 Brown was employed as an administrative assistant at Citizen's Bank of Maryland when he was approached by Ramona Baldwin about cooperating in a scheme to defraud the bank. Baldwin told Brown that she had used false identifications to cash checks at other banks. Brown obtained a bank identification card for Baldwin and supplied information on various accounts. During the scheme, two other bank employees, Riggins and Coley, were brought into the fold. All told, the group netted some $67,000; of this amount, Baldwin retained $40,500 and gave $14,250 to Brown. Coley's share was $4,000, and Riggins received $8,250.
 
 
 3
 Each of the four pleaded guilty to a single count of bank fraud and was sentenced under the Sentencing Guidelines. Baldwin received a 16-month sentence. The guideline range and sentences imposed on each of the others were as follows: Coley, 1-7 months, one month home detention; Riggins, 2-8 months, two months home detention; Brown, 8-14 months, 10 months imprisonment.[1] Brown appeals.
 
 II.
 
 4
 Brown contends that the court violated his right of allocution by repeated interruptions and termination of his counsel's remarks during the sentencing hearing. He further contends that the disparity between his sentence and those imposed on Coley and Riggins should be grounds for resentencing. We address each argument in turn.
 
 
 5
 The factual premise of Brown's first contention simply has no support in the record. Brown points to a mid-sentence interruption by the court of defense counsel's attempt to detail Brown's background, but this hardly amounts to a denial of allocution rights. After counsel had concluded, the court expressly asked Brown if he had anything to say, and Brown merely apologized for his crime. We see no need to analyze the parameters of the allocution rights of defendants under the factual showing made in this case.
 
 III.
 
 6
 Brown's final argument is that the disparity between his ten-month sentence and the lighter sentences imposed on Coley and Riggins constitutes an abuse of discretion. Inasmuch as each of the sentences was within the guideline range applicable to each of the defendants, we interpret this argument to say either that Brown should have received a lesser sentence within the applicable range, or that the court should have departed below the eight-month minimum. The latter issue has been foreclosed in this circuit. United States v. Bayerle, 898 F.2d 28, 29 (4th Cir.), cert. denied, 111 S.Ct. 65 (1990) (refusal to depart downward not appealable).
 
 
 7
 Even if Brown is contending that the disparity between his and his co-employees' sentences should have been grounds for a lower sentence within the 8-14 month range,[2] he fares no better. Sentences within a guideline range are committed to the discretion of the district court, and such sentences will not be reviewed on appeal. United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990). While it appears that Brown's level of culpability certainly justified a harsher sentence than those imposed on Coley and Riggins, this is not a matter that the district court must consider. See United States v. Foutz, 865 F.2d 617, 621 (4th Cir.1989) ("A sentencing court simply 'is not obligated to consider the sentences of codefendants.' ") (citing United States v. Langa, 762 F.2d 1288, 1291 (5th Cir.), cert. denied, 474 U.S. 860 (1985)).
 
 
 8
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 [1]
 Brown's range was calculated as follows:
 Base offense level (§ 2F1.1(a)) +6
 Specific offense characteristics
 --amount of loss (§ 2F1.1(b)(1)(D)) +2
 --more than minimal planning (§ 2F1.1(b)(2)) +2
 Role in the offense (§ 3B1.3) +2
 Acceptance of responsibility (§ 3E1.1) -2
 TOTAL OFFENSE LEVEL 11
 CRIMINAL HISTORY CATEGORY I
 Brown makes no claim of error related to these calculations.
 
 
 [2]
 Absent a departure, the most lenient sentence Brown could have received would have been four months imprisonment and four months home detention. See U.S.S.G. § 5C1.1(c), (e)(3) (1991)