**In re DELTA UNDERGROUND STORAGE COMPANY, INC.**

**Bankruptcy No. 9107422 HEG.**

United States Bankruptcy Court, S.D. Mississippi. Hattiesburg Division.

Feb. 16, 1994.

Robert A. Byrd, Biloxi, MS, for debtor.

William S. Boyd, III, Gulfport, MS, for The Edge Companies, Delta Storage & Distribution Co.

George R. Thomas, Jackson, MS, for Solon Scott, Jr., Scott Petroleum Corp., America's Catch, Inc.

Lawrence A. Young, Houston, TX, for Chevron U.S.A., Inc.

Richard A. Montague, Jr., Jackson, MS, for Ranger Ins. Co.

*OPINION*

EDWARD R. GAINES, Bankruptcy Judge.

Before the Court is the objection of Ranger Insurance Company to Delta Underground's motion for approval of an agreed order allowing settlement and compromise of claims, allowed unsecured claims and other relief, and the motions to dismiss or strike the objection of Ranger Insurance filed on behalf of Delta Underground, The Edge

Companies, Inc., Chevron U.S.A., Inc., Solon Scott, Jr., Scott Petroleum Corporation, and America's Catch, Inc. Having reviewed the pleadings and memoranda submitted by counsel for the various parties, the Court concludes that the motions to strike the objection of Ranger Insurance should be granted.

## I. FACTS

1. Delta Underground Storage Company, Inc. filed a petition for relief under Chapter 11 of Title 11 of the United States Code in February of 1991.

2. Approximately two years after the filing of the petition in bankruptcy, the debtor filed a motion for approval of agreed order allowing settlement and compromise of claims, allowed unsecured claims and other relief, which proposed a settlement with creditors of claims and causes of action pending in six jurisdictions. The settlement resolves disputes between the debtor, The Edge Companies, Chevron U.S.A., Solon Scott, Scott Petroleum and America's Catch, Inc., arising out of an explosion at the debtor's place of business near Petal, Mississippi. Included in the settlement is a provision to substitute the debtor, Delta Underground, as Plaintiff for Chevron in a pending adversary proceeding filed by Chevron against Ranger Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, George E. Gillespie, Jr. and Robert L. Rogers.[1]

3. An objection to the motion requesting approval of the settlement was filed by Ranger Insurance Company, the debtor's liability insurance carrier at the time of the explosion at the debtor's facility.[2]

4. Requests to strike or dismiss the objection of Ranger Insurance Company were submitted on behalf of the debtor, The Edge Companies, Chevron, and the Scott parties (Solon A. Scott, Jr., Scott Petroleum Corporation, and America's Catch, Inc., successor to Scotland Fisheries, Inc.). These parties claim that Ranger is not a creditor or party in interest and that Ranger lacks standing to object to the settlement.

5. Briefs were filed by the various parties and the issue of standing regarding Ranger Insurance Company was submitted to the Court for determination.

## II. CONCLUSIONS

■ Section 1109(b) of Title 11 of the United States Code provides as follows:

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). The Code, however, does not define "party in interest". The parties opposing Ranger's objection argue that Ranger's status as a defendant in an adversary proceeding does not give Ranger "party in interest" status allowing it to file objections to proceedings in the main Chapter 11 case.[3]

In *Fuel Oil Supply & Terminating v. Gulf Oil Corporation,* 762 F.2d 1283 (5th Cir. 1985), the Fifth Circuit held that Congress did not create a statutory right to intervene in adversary proceedings through § 1109(b). The Court's opinion emphasizes the distinction between adversary proceedings and bankruptcy cases.

[A]n examination of the Code of Judiciary and Judicial Procedure ... and of the Bankruptcy Rules reveals that Congress in

---

1. Under the settlement agreement, Chevron would bear the cost of litigation and remain in control of litigation decisions.

2. An objection was also filed on behalf of George Gillespie and Robert Rogers, co-defendants in the adversary proceeding. These objections have been resolved, according to the briefs submitted by counsel, and are not currently before the Court.

3. Ranger is not a creditor in the bankruptcy proceeding and is therefore not a party in interest by virtue of creditor status under the language of Section 1109. It is noted that Ranger does assert an administrative claim. However, the definition of "creditor" under 11 U.S.C. § 101(10) generally includes the holder of a claim that arose at or before the order for relief and would not include the claim asserted here as an administrative claim.

many instances has drawn distinctions between bankruptcy "cases" and the proceedings related to them ... Furthermore, the Advisory Committee Note to BR 7024 discusses bankruptcy intervention, stating:

A person may seek to intervene in the case under the Code or in an adversary proceeding relating to the case under the Code. Intervention in a case under the Code is governed by Rule 2018 and intervention in an adversary proceeding is governed by this rule. Intervention in a case and intervention in an adversary proceeding must be sought separately.

762 F.2d at 1286–87. *See also, In re Thompson,* 965 F.2d 1136 (1st Cir.1992).

In determining whether a party has standing to be heard, it has been held that party in interest standing may depend upon whether there is an interest in the distribution from the estate. The Court in *In re North American Oil & Gas, Inc.,* 130 B.R. 473, 479 (Bankr.W.D.Tex.1990) stated the following:

The term "party in interest" is found in 46 different sections of the Bankruptcy Code, yet is undefined in Section 101.

Th[e] lack [of definition] ... was intentional. Congress' failure to define party in interest specifically was discussed by both Senator DeConcini and Representative Edwards during the proceedings preceding the enactment of the ... Code.... Senator DeConcini stated: "Rules of bankruptcy procedure *or court decisions* will determine who is a party in interest for the particular purposes of the provision in question." 124 Cong. Rec. § 12407 (daily ed. Oct. 6, 1978).... Party in interest is an *expandable concept* depending on the particular factual context in which it is applied....

*In re River Bend–Oxford Assoc.,* 114 B.R. 111, 113 (Bankr.D.Md.1990) (emphasis added). The court has been unable to find a reported decision construing the phrase as it is used in Section 326(a). In other contexts, the phrase has been held to refer to anyone who has a practical stake in the outcome of a case (*In re Amatex Corp.,* 755 F.2d 1034, 1041–44 (3rd Cir.1985)), to those who, because of the impact of the reorganization, deserve fair representation in the case (*In re Johns–Manville Corp.,* 36 B.R. 743, 754 (Bankr.S.D.N.Y.1984) *aff'd* 52 B.R. 940 (S.D.N.Y.1985)), or to one who has an actual pecuniary interest in the case (*Kapp v. Naturelle, Inc.,* 611 F.2d 703, 706 (8th Cir.1979); *In re A–1 Trash Pick-up, Inc.,* 57 B.R. 380 (E.D.Va.1986)).

130 B.R. at 479. *See also, In re Karpe,* 84 B.R. 926 (Bankr.M.D.Pa.1988) (party in interest status denied to bidder for estate property who had no interest in the res that would be created); *In re Fondiller,* 707 F.2d 441 (9th Cir.1983) (wife of debtor had no standing to object to appointment of trustee's special counsel in fraudulent conveyance action against her); *In re El San Juan Hotel,* 809 F.2d 151 (1st Cir.1987) (former trustee had no standing to object to court allowing government to prosecute suit against him on behalf of the estate); *In re Malone Properties,* No. 8607364 SGR (Bankr.S.D.Miss. June 17, 1992), *aff'd,* No. S9–0375(R) (S.D.Miss. Nov. 4, 1992) (insurance carrier had no standing to appear before bankruptcy court on hearing regarding termination of automatic stay); *In re Hutchinson,* 5 F.3d 750 (4th Cir.1993) (party in interest generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings); *In re Kaiser Steel Corporation,* 998 F.2d 783 (10th Cir.1993) (cites *In re Amatex,* 755 F.2d 1034 (3rd Cir.1985) in stating that courts must determine on case by case basis whether prospective party in interest has sufficient stake in proceeding so as to require representation).

■ In addition to statutory standing requirements, constitutional requirements of standing are also applicable limitations on Bankruptcy Courts. *Kane v. Johns–Manville,* 843 F.2d 636 (2d Cir.1988); *Matter of Lansing Clarion Ltd. Partnership,* 132 B.R. 845 (Bankr.W.D.Mich.1991); *In re Pointer,* 952 F.2d 82 (5th Cir.1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992) (plaintiff must always have suffered a distinct and palpable injury that is likely to be redressed if the requested relief is granted).

■ In its brief, Ranger states that it objects to the settlement "to the extent the

settlement prejudices Ranger's property rights". Ranger claims it would be adversely affected by the settlement because the debtor will be required to prosecute a lawsuit, which it refers to as a counterfeit claim, against Ranger in violation of Rule 9011 and the Litigation Accountability Act of 1988, Miss.Code Ann. § 11–55–1 *et seq.;* the settlement will adjudicate an element of the debtor's alleged tort claim against Ranger without due process, proprietary information belonging to Ranger may be made available to Chevron under the settlement; and limited resources of the Chapter 11 debtor will be allocated among its prepetition creditors without regard to the administrative claim of Ranger.[4]

The Court concludes that legal interests and property rights of Ranger will be preserved for adjudication in the adversary proceeding and that Ranger is not entitled to object to a settlement arrangement relating to claims and actions between other parties before the Court. It would be premature for the Court to make a ruling at this time regarding Rule 9011 sanctions in the adversary proceeding, and Ranger has cited no authority indicating that this type of pretrial assessment is necessary or relevant in determining whether a defendant in a lawsuit has standing to object to a settlement of claims between other parties. The Court concludes that the rights of Ranger relating to adjudication of tort claims and entitlement to administrative claims would not be prejudiced by the settlement and are not issues that are currently before the Court for determination. Further, there is nothing before the Court that would indicate that Ranger's proprietary interests would be prejudiced by the settlement.

The Court concludes that the motions to strike the objection of Ranger Insurance Company to the debtor's motion for approval of an agreed order allowing settlement and compromise of claims should be granted.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

### ORDER

There came for consideration the Objection of Ranger Insurance Company to Delta Underground's motion for approval of an agreed order allowing settlement and compromise of claims, allowed unsecured claims and other relief, and the motions to dismiss or strike the objection of Ranger Insurance filed on behalf of Delta Underground, The Edge Companies, Inc., Chevron U.S.A., Solon Scott, Jr., Scott Petroleum Corporation, and America's Catch, Inc. For the reasons set forth in this Court's findings of fact and conclusions of law rendered on this date, the Court finds that the motions to strike the objection of Ranger Insurance should be granted.

SO ORDERED.

---

4. Ranger has filed a request for payment of administrative expense based on alleged damages relating to the adversary proceeding filed by Chevron and to the settlement.