23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael KINNARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6310.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1994.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from an order dismissing a motion to vacate filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Michael Kinnard was convicted after a jury trial of conspiracy to distribute 500 grams of cocaine or marijuana, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. This conviction was affirmed by a panel of this court on direct appeal. United States v. Kinnard, Nos. 91-6221/6263 (6th Cir. July 13, 1992), cert. denied, 113 S.Ct. 482 (1992).
 
 
 3
 In 1993, Kinnard challenged the conviction and sentence in a Sec. 2255 motion to vacate and an amended motion. The government responded and the district court ultimately ordered that the motion be dismissed. This appeal followed. The parties have briefed the issues; Kinnard is proceeding without benefit of counsel.
 
 
 4
 Kinnard's Sec. 2255 motion and appellate brief set forth a number of instances of alleged ineffective assistance of counsel, both at trial and on appeal. Examination of the record and law reflect some of the claims are not cognizable in a Sec. 2255 motion; the others do not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Kinnard was convicted for his part in an extensive cocaine and marijuana distribution network run by employees of the United States Postal Service. The case against Kinnard consisted chiefly of circumstantial evidence and eyewitness testimony of a cooperating witness. The panel which heard the direct appeal held the evidence adduced supported the jury's conclusion that Kinnard was an associate or bodyguard of his co-defendant, Andrew L. Hall, Jr., in an extensive two-year drug distribution scheme.
 
 
 6
 Kinnard contends that his counsel was ineffective at trial and on appeal. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reviewing court's scrutiny of counsel's performance is highly deferential; there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. In this context, prejudice is the clearly negative impact on the results of the trial. Rice v. Marshall, 816 F.2d 1126, 1131-32 (6th Cir.1987).
 
 
 7
 Kinnard first raised a number of questions concerning counsel's failure to file pre-trial motions in limine and for a dismissal. The district court found that these assertions are flatly contradicted by the docket sheet. This finding is supported by the record.
 
 
 8
 Kinnard next brought several allegations of inadequate performance during the course of the trial. Many of Kinnard's allegations in this regard are merely attempts to "second guess" counsel's performance or to reexamine the sufficiency of the evidence against him. For instance, Kinnard set forth an extensive set of hypothetical questions and answers that trial counsel should have pursued. The series of questions and projected responses is pure conjecture. A reviewing court should not look back at a case with twenty-twenty hindsight and determine that counsel could have pursued a different defense. United States v. Lauga, 762 F.2d 1288, 1291 (5th Cir.), cert. denied, 474 U.S. 860 (1985). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.
 
 
 9
 This is followed by Kinnard's argument as to the adequacy of the evidence against him and his counsel's failure to move for a judgment of acquittal on this ground. The panel that heard Kinnard's direct appeal decided that there was sufficient evidence to support his conviction. Issues raised and considered on direct appeal may not be relitigated in a Sec. 2255 motion to vacate sentence. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). In addition, the record shows that Kinnard's trial counsel did move for acquittal for lack of evidence.
 
 
 10
 Kinnard also questions counsel's performance at sentencing. The portion of this argument concerning the failure to make a request for a reduction based on Kinnard's role in the offense is pure conjecture and of no moment. Kinnard also contends that his counsel should have objected to the amount of drugs attributable to his co-defendant Hall on the grounds of "sentencing entrapment." Kinnard has not cited, and we have not located, any legal doctrine that would grant standing to a defendant to object to the amount of drugs attributable to a co-defendant even if the court were to acknowledge the existence of this defense in this circuit. Finally, Kinnard argues that counsel was derelict in failing to request a downward departure. In general, an appellate court is without jurisdiction to review a decision not to effect a downward departure. United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). A failure to depart downward is reviewable only if the sentencing court acted on the mistaken belief that it lacked authority to depart from the guideline range. United States v. Maddalena, 893 F.2d 815, 817-18 (6th Cir.1989). Where there is no such error and the sentence is otherwise lawful, the failure to depart is not subject to review, United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990), and the failure to advance this on direct appeal was not error. All other grounds for relief set forth are utterly meritless as is this appeal.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.