IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40294
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRADY LYNN COX,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:98-CR-26-ALL
--------------------
February 26, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Grady Lynn Cox appeals his conviction on three counts of receiving visual depictions of nude minors. See 18 U.S.C. § 2252(a)(2).

Cox argues that the Government presented insufficient evidence to show that he "knowingly receive[d]" child pornography as required by 18 U.S.C. § 2252(a)(2). We have reviewed the record and find no reversible error. Viewed in the light most favorable to the verdict, the evidence was sufficient to support the jury's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination.  See United States v. Shabazz, 993 F.2d 431, 441 (5th Cir. 1993).

Cox argues that 18 U.S.C. § 2252(a)(2) is unconstitutionally vague because it fails to specify whether digital information constituting visual depictions must be stored or maintained in order to be "receive[d]."  Because he did not raise this issue in the district court, we review for plain error only.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). We perceive no error, plain or otherwise.  See Buckley v. Collins, 904 F.2d 263, 266 (5th Cir. 1990).

Cox contends that the district court committed plain error when it instructed the jury that (i) the visual depictions did not "have to be maintained or stored" and (ii) if it determined that he had requested the depictions and that they were sent to him electronically, it could find that he "knowingly received" them. Again, Cox has show no error, plain or otherwise.  See United States v. Inocencio, 40 F.3d 716, 729 (5th Cir. 1994).

Cox argues that the district court abused its discretion in giving a modified Allen[1] charge to the jury.  He asserts that the instruction was unduly coercive.  Having reviewed the circumstances, we cannot agree.  See United States v. Lindell, 881 F.2d 1313, 1321 (5th Cir. 1989); United States v. Clayton, 172 F.3d 347, 352 (5th Cir. 1999).

AFFIRMED.

---

[1] Allen v. United States, 164 U.S. 492, 501-02 (1896).