IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50731
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN MARTINEZ-LAREDO, also known as Martin Martinez,

Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-00-CR-131-2
--------------------
July 12, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Martin Martinez-Laredo challenges his conviction for conspiracy under 18 U.S.C. § 1028(f)(2000). Martinez-Laredo argues that the statute is unconstitutionally vague because it did not define a false identification document. Section 1028(c)(1) allows prosecution under § 1028(a) and (f) if "the identification document or false identification document is or appears to be issued by or under the authority of the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States. . . ." Although the statute as written at the time of Martinez-Laredo's offense does not contain a distinction between a false identification document and an identification document used for other than lawful purposes, the statute leaves no doubt that the use of either document for fraud is illegal and does not encourage arbitrary or discriminatory law enforcement. Buckley v. Collins, 904 F.2d 263, 266 (5th Cir. 1990)

Martinez-Laredo argues that he was indicted for a single conspiracy and that the proof at trial established multiple conspiracies. On appeal, Martinez-Laredo does not challenge the testimony of Jose Luis Montes-Sanchez, a codefendant who pleaded guilty to the conspiracy charge, that he and Martinez-Laredo engaged in a three year conspiracy to buy and sell 97 sets of identification documents. Viewing the evidence in the light most favorable to the Government, reasonable jurors would not have been precluded from finding a single conspiracy beyond a reasonable doubt. See United States v. Morrow, 177 F.3d 272, 291 (5th Cir. 1999); United States v. DeVarona, 872 F.2d 114, 118 (5th Cir. 1989).

Martinez-Laredo concedes that venue was proper, given that we reject his multiple-conspiracies argument. See United States v. Pomranz, 43 F.3d 156, 158-59 (5th Cir. 1995).

AFFIRMED.